**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**DAVID BERNARD THOMPSON**                                            **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 3:07-cv-484-HTW-LRA**

**JOHN DOUGLAS, DAN HAWN,**
**SCOTT THOMPSON AND**
**DESKA L. VARNADO**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**
**DISMISSING THE PLAINTIFF'S COMPLAINT**

       Plaintiff, an inmate currently incarcerated in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed a complaint pursuant to Title 42 U.S.C. § 1983 on August 20, 2007.  On September 5, 2007, an order was entered directing the Plaintiff to file a written response, on or before September 25, 2007.   On September 11, 2007, Plaintiff filed a response to the September 5, 2007, order.  The Plaintiff failed to place an original signature on his response, therefore, on October 4, 2007, this Court entered an order directing Plaintiff to return his response with an original signature.  Plaintiff failed to comply with the Court's order.  On October 23, 2007, this Court's order was returned by the postal service with the notation "return to sender".

       On November 19, 2007, this Court entered an order directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order of October 4, 2007.  Plaintiff was directed to comply with the Court's order on or before December 3, 2007. This order also instructed the Plaintiff to comply with the October 4, 2007, order by placing his original signature on his response on or before December 3, 2007.   The Plaintiff was warned in this Court's order of November 19, 2007, that failure advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being

dismissed.  Plaintiff has failed to comply with this order.

On November 27, 2007, the Plaintiff filed correspondence with this Court requesting the status of his case;  however, the Plaintiff failed to comply with the Court's orders of October 4, 2007, and November 19, 2007.

On November 29, 2007, Plaintiff filed a change of address with this Court and on December 5, 2007, this Court entered an order granting the Plaintiff an extension of time to comply with the Court's order of October 4, 2007.  Plaintiff was directed to comply with the Court's orders on or before December 20, 2007.  The Plaintiff was warned in this Court's order of December 5, 2007, that failure advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed.  Plaintiff has failed to comply with this order.  On December 19, 2007, this Court's order was returned by the postal service with the notation "return to sender."

On January 8, 2008, this Court entered a final order to show cause directing the Plaintiff to file a written response to show cause why this case should not be dismissed for his failure to comply with the Court's orders of October 4, 2007, November 19, 2007, and December 5, 2007. Plaintiff was directed to comply with the Court's orders on or before January 28, 2008.   This order also instructed the Plaintiff to comply with the October 4, 2007, order by placing his original signature on his response on or before January 28, 2008.  The Plaintiff was warned in this Court's order of January 8, 2008, that failure advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed.  The Plaintiff has failed to comply with this order.

On January 17, 2008, this Court's order was returned by the postal service with the

notation "return to sender."  On this same date, the Court remailed the January 8, 2008, order to the Plaintiff.  On January 25, 2008, the Plaintiff filed a letter requesting the status [19] of this case.  On January 29, 2008, this Court's orders were returned by the postal service with the notation "return to sender."   On this same date, Plaintiff filed a change of address.  A copy of the docket sheet was mailed to the new address provided by the Plaintiff on February 7, 2008. Further on February 13, 2008, out of an abundance of caution, this Court also remailed the January 8, 2008, order to the Plaintiff.  Plaintiff failed to comply with the Court's orders.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

Plaintiff has not complied with four court orders, nor has he contacted this Court since January 25, 2008.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper.  Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 25th  day of April, 2008.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:07-cv-484 HTW-LRA
Memorandum Opinion and Order Dismissing
   the Plaintiff's Complaint